ACCEPTED
04-13-00550-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/23/2015 11:48:47 AM
KEITH HOTTLE
CLERK

**No. 04-13-00550-CV**

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

**RANDY K. SMITH,**
*Appellant/Defendant,*

vs.

**LAWRENCE REID, ROYCE REID, JENNIFER HEATH, AND THL GP INC.,**
*Appellees/Plaintiffs.*

_____

**APPELLANT'S REPLY IN SUPPORT OF MOTION FOR REHEARING/RECONSIDERATION EN BANC**

TO THE HONORABLE COURT:

Appellant Randy K. Smith presents this short reply to address two points raised by Appellees' responsive briefing.

### A. Appellee's focus on the lack of an objection to fee segregation is a nonstarter because the parties voluntarily submitted the fees evidence in segregated form.

Appellees argue Smith waived his challenge to the sufficiency of the attorney's fees award by failing to object to fee segregation.[1]

---

[1] Appellees also make a half-hearted attempt to argue that Smith waived his attorney's fees complaint based on inadequate briefing. *Resp.* at 8. It is noteworthy that Appellees made this same argument to the Panel in Appellees'

1

The Panel Opinion noted this omission, stating: "Itemized invoices were presented in support of the entire amount awarded ($79,171.30), and Smith lodged no objection to the evidence at trial. Thus, Smith has waived his segregation complaint on appeal." *Op.* at 20.

However, this "segregation waiver" is a red herring. Smith does not complain of a lack of segregation. Indeed, the record shows that the parties voluntarily segregated their fees, explaining to the trial court the percentage of time spent on each of the claims. (3RR94) (Appellees counsel stating, "I have also done a lot of thinking about how that time [hours of attorney's fees] was spent," before breaking down the total amount of fees requested into percentages based on

original briefing, despite the over 100 pages of briefing provided by Smith to this Court addressing Smith's complaints on appeal. Not surprisingly, Appellees' waiver arguments went unmentioned by the Panel in the issued opinion. Smith suspects this omission occurred because the briefing provided by Smith was clear and thorough, comprising both citation to authority and the record, including the judgment, the fact findings, the conclusions of law, and the evidence submitted by the parties. *Smith Opening Br. & Reply Br.* Indeed, Smith's briefing was sufficient enough to warrant a 21-page Opinion from this Court. This Court should summarily reject Appellees' waiver contention because Smith's briefing resoundingly complies with preservation of appellate complaint rules and sufficiently raised Smith's challenge to the amount of attorney's fees awarded. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument for the contentions made with appropriate citations to authorities); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex.1994) (discussing "long-standing rule" that issue may be waived due to inadequate briefing).

the varying causes of action). Thus, there was no need for an objection to a failure to segregate by either party. Appellees point to no case law requiring a segregation objection when the evidence is already submitted in a segregated format.

The simple fact is that, in this case, the Judgment and the Findings of Fact say it all. The Judgment demonstrates the trial court awarded fees under only **one** cause of action: **Chapter 38** (breach of contract). (3CR642) ("Under the discretionary powers of the Court to award attorney's fees under **Chapter 38**, the Plaintiffs are awarded attorney's fees . . . ") (emphasis added).

Although Appellees, on Rehearing, argue that the trial court's use of the word "discretionary" may indicate an intent to award fees for the Declaratory Judgment action (Chapter 37),[2] the Findings of Fact resolve any questions that remain unanswered. Specifically, the Findings of Fact corroborate Smith's position that the Judgment intended to award attorney's fees based, not on the attorney's fees,

---

[2]Even if this Court follows Appellees' position to its logical conclusion, the attorney's fees award must be reduced. Even if Appellees are correct that the trial court intended to award fees under Chapter 37, which Smith strongly disagrees with based on the express language in the Findings of Fact tying the attorney's fees to the breach of covenant claim,  this Court must nonetheless reduce the fees based on the segregation percentages testified to by Appellees' trial counsel. (3RR94) (Appellees' counsel testified that only 30% of the attorney's fees were incurred seeking "declarations").

but instead based on the breach of covenant claim. (3CR660) (The FoF provide: "The agreement between RT Craig and Jay A. Blalock, dated July 27, 1937, is an express covenant by Smith's predecessors in title Not to Claim Land by Adverse Possession. Smith, in asserting a claim for adverse possession to land, breached such express covenant, and in so breaching, Smith is liable for attorney's fees and costs under section 38.001 of the Texas Civil Practice and Remedies Code.").

The record tells this Court that only 10% of the attorney's fees were accrued on the cause of action elected by the trial court. Appellees' attorney testified that 10% of the attorney's fees were incurred in relation to Smith's claim of adverse possession to the "Bubble." (3RR94). The remaining 90% of Appellees' fees were incurred for unrelated legal issues, some of which were abandoned before trial (30%), defending against the 2011 County Road Resolution (30%), and Appellees' "affirmative claims . . . the request for the TRO, the request for declarations, the boundary, defending the easement by estoppel and defending against the legal effect of the court-related items that were admitted a few minutes ago, the

4

'78 statement and the '98 actions of the commissioners court." (30%). (3RR94).

Significantly, both parties used the same break down of percentages when segregated what amount of fees were incurred for each percentage of the case. (3RR98) ("In regard to the allocation of time spent, I agree that Mr. Davis' number in regard to the 10 percent is a good number on the amount of time and effort that was spent on the adverse possession, the adverse possession claims."). Thus, arguing there was a "waiver" for failing to object to a lack of segregation when the parties voluntarily segregated their fees is perplexing and should be summarily ignored by this Court.

## B. Appellees have never disputed that only 10% of attorney's fees was spent on the breach of covenant claim.

As detailed above, Appellees affirmatively testified that only 10% of all fees were incurred in prosecuting their breach of covenant claim. (3RR94). Smith has pointed this fact out over and over again in the briefing to this Court. Appellees have never disputed this testimony. Instead, Appellees argue they are "entitled" to 100% of the fees because they also prevailed on other claims.

This argument, however, ignores the fact that the trial court

**only awarded fees based on one claim** – <u>the Chapter 38 claim</u>. (3CR642 (Judgment); 3CR660 (FoF)). The trial court was clear in its Judgment and its Findings of Fact that the award of attorney's fees was tied to the finding of liability against Smith for breach of covenant. *Id.* To argue otherwise ignores the plain language of the Judgment and the Findings of Fact. *Id.* Here, Appellees testified in open court, under oath, (3RR90), that only 10% of the fees were accrued for the breach of covenant claim. (3RR94). They cannot now just "take back" that sworn testimony.

Thus, if this Court determines that Appellees' breach of covenant claim falls within Chapter 38, then the most attorney's fees that Appellees may be awarded based on the evidence submitted is 10% of the amount sought: $8,761.33. (3RR91-93). This Court has modified judgments to reflect reduced amounts before and should consider doing so in this case. *See Bill Miller Bar-B-Q Enterprises, Ltd. v. Gonzales,* No. 04-04-00747-CV, 2005 WL 2176079, *3 & n.3 (Tex. App. -- San Antonio 2005, pet. denied) (unpublished) (holding evidence legally insufficient to support entirety of award [$50,000], but reducing award to amount supported by evidence[$24,000]).

## CONCLUSION

Smith respectfully requests this Court grant this Motion for En Banc reconsideration, withdraw the Panel Opinion, and issue a new Opinion either vacating the award of attorney's fees altogether or, at a minimum, modifying the award to remove the excess attorney's fees from the award to ensure that the amount of attorney's fees awarded comports with the evidence submitted at trial.

Respectfully submitted,

KELLER STOLARCZYK PLLC
234 West Bandera Road,
No. 120
Boerne, Texas 78006
Telephone: 830.981.5000
Facsimile: 888.293.8580

By:    /s/Kimberly S. Keller
Kimberly S. Keller
SBN: 24014182
Email: kim@kellsto.com
Shane J. Stolarczyk
SBN: 24033242
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I certify that Appellant's Reply to Motion for En Banc Reconsideration was served on those listed below on March 23, 2015 via this Court's e-filing system and email/facsimile:

7

Joe M. Davis
THE DAVIS LAW FIRM
P.O. Box 2349
Boerne, Texas 78006

Stephan B. Rogers
ROGERS & MOORE, PLLC
309 Waters St., Suite 114
Boerne, TX 78006

<u>/s/Kimberly S. Keller</u>
Kimberly S. Keller